UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORENCE ROBINSON,

       Plaintiff,

v.                                          Case No:  8:14-cv-2050-T-23AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for DIB on May 20, 2011. Tr. 145. The Commissioner denied Plaintiff's claims both initially and upon reconsideration. Tr. 88; 94. Plaintiff then requested an administrative hearing. Tr. 97. Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. Tr. 33. Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. Tr. 16. Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. Tr. 1. Plaintiff then timely filed a complaint with this Court. Doc. 1. The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.**    **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1949, claimed disability beginning November 14, 2010. Tr. 162. Plaintiff has two master's degrees in education and social work. Tr. 38. Plaintiff has worked as a school social worker since 1984. Tr. 167. Plaintiff alleged disability due to mal de debarquement syndrome ("MdDS"). Tr. 166.

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2014 and had not engaged in substantial gainful activity since November 14, 2010, the alleged onset date. Tr. 21. After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: MdDS, disequilibrium, and migraines with associated vertigo. Tr. 21. Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 21-23. The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform the full range of light work. Tr. 23. In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the RFC. Tr. 24.

Considering Plaintiff's noted impairments, the ALJ determined Plaintiff could perform her past relevant work as a social worker. Tr. 26. Accordingly, based on Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff not disabled. Tr. 26.

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or

2

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims.  *See* 20 C.F.R. §§ 404.1501, *et seq.*  These Regulations apply in cases where an individual's medical condition is

severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. at § 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates

reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff's appeal centers on the ALJ's finding that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R 404.1567(b).[1]  To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

In addition to the objective evidence of record, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably

---

[1] Light work is defined as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 404.1567(b).

be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. In social security disability cases, credibility determinations fall within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Typically, the ALJ makes credibility determinations regarding a claimant's subjective complaints and must provide specific reasons for the credibility finding. *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225; *see* 20 C.F.R. §§ 404.1529, 416.929. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Plaintiff argues that the ALJ's RFC determination was in error because the ALJ (A) failed to appropriately consider the medical opinions of Drs. Fetter and Marlowe; (B) failed to include or explain why he excluded from consideration Plaintiff's nonexertional limitations; and (C) failed to assess Plaintiff's credibility in light of her work history. *See* Doc. 9. For the reasons that follow, this Court recommends that the ALJ's decision be affirmed.

### A. **The ALJ's decision to assign little weight to Drs. Fetter and Marlowe is not in error.**

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations

provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. § 404.1527(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. § 404.1527(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (citation omitted). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citation omitted). In fact, the ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). In this case, the ALJ stated with particularity the reasons for discounting the opinions of Drs. Fetter and Marlowe and his reasons for discounting these opinions was supported by substantial evidence.

      **a. Dr. Fetter**

The ALJ articulated good cause to discount the opinion of Dr. Fetter. In evaluating and discrediting a claimant's complaints, the ALJ may consider the claimant's daily activities. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Conner v. Astrue*, 415 Fed. App'x 992, 995 (11th

7

Cir. 2011) ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints" (citation omitted)); *see Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (considering the ability to perform such tasks as dialing a phone, writing, opening a door, buttoning, and unbuttoning in finding that a plaintiff retained the ability to perform sedentary work); *but see Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (stating "[n]or do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability or is inconsistent with the limitations recommended by [the claimant's] treating physicians."). As Plaintiff notes, participation in everyday activities of short duration, such as housework, will not necessarily disqualify a claimant from disability. *Lewis*, 125 F.3d at 1441. Notwithstanding, an ALJ is not precluded from considering a claimant's daily activities at all in determining credibility. *Hoffman v. Astrue*, 259 Fed. App'x 213, 219 (11th Cir. 2007) (*per curiam*).

Although a treating physician's opinion should ordinarily be given greater weight in a disability determination, it is appropriate to discount the opinion of a treating physician when the claimant's own testimony does not support the treating physician's findings. *See Phillips*, 357 F.3d at 1242. Here, regarding work-related limitations, Dr. Fetter opined that Plaintiff could only lift and carry ten pounds occasionally, and that fatigue interfered with her daily living and ability to concentrate. Tr. 320-21. The ALJ however cited Plaintiffs' own statements, both from the hearing and on the social security disability forms, which undermined Dr. Fetter's assessment. Plaintiff testified that she lifted weights and did other physical exercise, went about her daily activities such as doing household chores and shopping, and completed the social security disability forms themselves. Tr. 47; 173-83. In addition, any testimony Ms. Robinson gave at the May 7, 2013 hearing would present a more current account

of her condition than Dr. Fetter's reports, since Dr. Fetter ceased treating Mr. Robinson in 2012. *See* Tr. 327. For these reasons, the ALJ had good cause to discount the opinion of Dr. Fetter.

### b. Dr. Marlowe

Likewise, the ALJ had good cause the discount the opinion of Dr. Marlowe. Dr. Marlowe diagnosed Plaintiff with migraines with associated vertigo which would cause Plaintiff to be absent from work more than four times per month. Tr. 25; 349. However, Plaintiff's testimony and the medical evidence indicate that her condition did not stem from migraines. The ALJ discounted Dr. Marlowe's opinion by citing evidence that he noted no head/face or neurological defects correlating with migraines. Tr. 25. In addition, the ALJ noted that Plaintiff "rarely reports having migraine symptoms" despite being diagnosed with migraines with associated vertigo. Tr. 25. On August 6, 2012 Plaintiff did report headaches, but not like a migraine. Tr. 339. On September 5, 2012, she reported only low-grade headaches. Tr. 335. On November 14, 2012, Plaintiff did not report migraines. Tr. 327. On December 17, 2012, plaintiff did report headaches, but not like migraines. Tr. 323-24. Plaintiff's testimony supports that she was not experiencing migraine headaches and told Dr. Marlowe as much. Tr. 42; 44. In fact, Plaintiff got a second opinion from Dr. Wazen because she doubted the migraine diagnosis. Tr. 45-46. In short, even though Dr. Marlowe was Plaintiff's treating physician, substantial evidence supports the ALJ's decision to discount the opinion of Dr. Marlowe.

### B. **The ALJ erred in determining the Plaintiff did not possess work-related limitations. However, that error was harmless.**

At the fourth step of the sequential analysis, the ALJ must determine whether the claimant is capable of performing his past relevant work. The review at this step involves the assessment of a claimant's RFC and requires consideration of the physical and mental demands of his former work. In this regard, "the ALJ has the duty to fully investigate and make explicit

9

findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before he determines that [he] is able to perform [his] past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (alteration in original) (emphasis omitted); *see also Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) (per curiam). However, at this step, the burden is still upon the plaintiff to prove that he cannot do this past work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam)); *see also* S.S.R. 82-62, 1982 WL 31386, at *3 (S.S.A. 1982) (providing that a claimant is the "primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level[,] exertional demands[,] and nonexertional demands of such work").

Plaintiff argues that the ALJ wrongly dismissed Plaintiff's nonexertional limitations of headache, fatigue, and need for rest periods. These alleged limitations would have been supported by the records of Drs. Fetter and Marlowe; as explained above, however, the ALJ had good cause to discount these physicians. *See* Section III. A., *supra*. Furthermore, as stated above, the medical evidence does not support a migraine diagnosis and Plaintiff herself did not believe that she had severe migraine-level headaches. *See id.* Although Plaintiff contends that she had the nonexertional limitations of photophobia and hyperacusis, she described these issues as only occasional. Tr. 323. In addition, Plaintiff fails to explain how any limitations caused by fatigue or need for rest were not taken into account in the ALJ's determination that Plaintiff could perform light work. *See* Doc. 9 p. 13-14. Accordingly, the ALJ's determination that Plaintiff did not suffer nonexertional limitations of headache, fatigue, and need for rest periods was supported by substantial evidence.

Although Plaintiff does not raise the issue in the Joint Memorandum, the ALJ did err in not considering the nonexertional limitations as described by the state agency physicians, Dr. Elwood and Dr. Kadian.[2]  Drs. Kadian and Elwood both stated that Plaintiff should not climb ladders, ropes, and scaffolds due to her MdDS.  Tr. 72; 83.  Both physicians also noted that Plaintiff should avoid concentrated exposure to hazards.  Tr. 72-73; 84.  In addition, Dr. Kadian stated that Plaintiff should avoid concentrated exposure to noise.  Tr. 83.  Although the ALJ stated that he had given significant weight to the opinions of Drs. Ellwood and Kadian, his failure to consider these nonexertional limitations in stating that the claimant was able to perform the full range of light work constitutes error.  *See* Tr. 25.

Even though the ALJ did err in determining that Plaintiff had no nonexertional limitations, the error was harmless.  *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record" (citation omitted)).  In his decision, the ALJ cited the Dictionary of Occupational Titles in concluding that Plaintiff could perform her past relevant work as a school social worker.  Tr. 25.  Under the Dictionary of Occupational Titles, school social work does not require balancing, concentrated exposure to noise or hazards, or exposure to heights.  *See* U.S. Dept. of Labor, *DOT*, 195.107-038, 1991 WL 671576 (4th ed. 1991).  Both Drs. Kadian and Ellwood cited the same source in concluding that the limitations above would not prevent Plaintiff from performing this work.  Tr. 74; 85.  Thus, although the ALJ erred in not considering these nonexertional limitations, the error was harmless in light of the evidence that Plaintiff could return to work.

---

[2] Plaintiff does state in the Joint Memorandum that the ALJ failed to consider Plaintiff's lack of balance, but did not expound on the point.  Doc. 9 p. 14.

**C.  The ALJ did not err in failing to consider Plaintiff's work history.**

Plaintiff lastly argues that the ALJ failed to consider Plaintiff's work history in his credibility analysis.  Specifically, Plaintiff argues that because Plaintiff had a multi-year history of high earnings and a consistent work history, these factors weigh in favor of Plaintiff's credibility.  Plaintiff's argument fails.

First, the ALJ did acknowledge that Plaintiff had worked as a school social worker from 1984 to 2010.  Tr. 24.  Even if he had not, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole."  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation omitted).  The ALJ here did not merely articulate a broad rejection but rather based his credibility finding on the medical evidence and especially Plaintiff's own testimony at the hearing.  Tr. 23-25.  Furthermore, credibility determinations fall within the province of the ALJ, and this Court will not disturb that determination here based on the ALJ's unwillingness to give more weight to a single piece of evidence.  *See Moore*, 405 F.3d at 1212.

**IV.**

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

   1.  The decision of the Commissioner is AFFIRMED.

   2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 4th day of January, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc: Hon. Steven J. Merryday
      Counsel of Record